IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CR-20023 |
| | ) | |
| CORY D. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S
MOTION *IN LIMINE* TO ADMIT PRIOR FELONY CONVICTIONS**

The United States of America, by and through Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, and Rachel E. Ritzer, Assistant United States Attorney, respectfully moves *in limine* to admit one of Defendant Cory D. Jackson's prior felony convictions should he elect to testify, pursuant to Federal Rule of Evidence 609. In support thereof, the United States submits the following:

**INTRODUCTION**

Cory D. Jackson is charged with the following offenses: In Count 1, with possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1); in Count 2, with possession of controlled substances with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and in Count 3, with possession of marijuana with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D). R. 1. Jury trial in this matter is scheduled to begin on February 3, 2026, before the Honorable Judge Colin S. Bruce. d/e 09/22/2025.

1

Should Jackson choose to testify at the upcoming trial in this cause, the United States requests a ruling authorizing it to impeach him under Rule 609 with one of his prior felony convictions. Specifically, the United States seeks to admit evidence of Jackson's conviction for possessing a firearm as a convicted felon in Champaign County Circuit Court case no. 17-CF-1595, which he pleaded to on June 18, 2021, and was sentenced to serve six years in prison.

The probative value of Jackson's prior conviction, detailed above, in trial in this cause outweighs any potential prejudicial effect to him. As set forth below, given the importance of Jackson's credibility to the jury's assessment of the evidence in the upcoming trial, the probative value of the conviction set forth above is significant, and evidence of his convictions therefore "must be admitted" under Rule 609(a)(1)(B).

## LEGAL AUTHORITY

The Federal Rules of Evidence generally bar the use of extrinsic evidence to attack a witness's character for truthfulness. Rule 609(a) carves out one exception for evidence of certain criminal convictions. Where the witness is a defendant, evidence of that defendant's past felony conviction(s) *must* be admitted if (1) the court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant and (2) the conviction is less than 10 years old. The 10-year clock starts at the "witness's release from any physical confinement, or in the absence of confinement, the date of conviction," and it ends upon "the start of the trial at which the witness is testifying." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008).

Courts in this circuit use a five-part balancing test to determine whether the

probative value of a conviction outweighs its prejudicial effect. In assessing admission of prior convictions, court are to consider (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *See*, *e.g.*, *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citations omitted). These factors are intended as a guide to the trial court's exercise of its wide discretion. *Id.*

## ARGUMENT

Here, the fourth and fifth factors strongly favor admission of Jackson's recent most recent felony conviction. If Jackson testifies, his credibility will be a central issue at trial. The United States' primary evidence in this case will consist of testimony from law enforcement agents and expert witnesses placing Jackson in possession of a pistol and various controlled substances and marijuana. The United States anticipates that the defense will aim to separate Jackson from those items, with him disavowing any knowledge or possession of them. Because of the anticipated evidence, if Jackson takes the stand and denies possession or knowledge of the drugs and the firearm, the trial will pit that defendant's word against the word of the witnesses.

Where "conflicting accounts" are offered by a defendant and the witnesses for the United States, the credibility of the defendant becomes the central issue in the trial. *Montgomery*, 390 F.3d at 1016. The Seventh Circuit has repeatedly affirmed the use of impeachment by prior convictions in cases in which the defendant's credibility is an important issue at trial. *See, e.g.*, *Id.* at 1015-16 (no abuse of discretion where defendant

3

was impeached on prior drug possession convictions, in part because credibility was "crux of the case in light of conflicting testimony about" defendant's post-arrest statements about the gun); *United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) (holding that given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore, impeachment with 8-year-old drug conviction was proper); *United States v. Nurudin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (similar). Because testimony from Jackson will necessarily pit his credibility against that of the United States' witnesses, the final two factors that this Court is to consider – the importance of the defendant's testimony and the centrality of the credibility of witnesses – weigh heavily in favor of admission of Jackson's prior conviction as impeachment under Rule 609.

    The first and second factors likewise favor admission of Jackson's prior felony conviction for impeachment purposes. His prior conviction has impeachment value, is readily proven via certified court records, and resulted in his very recent release from custody. Indeed, Jackson was released from custody on that prior felony in August of 2022; is alleged to have possessed the firearm and drugs for which he is now charged in July 2024; was returned to prison for an unrelated parole violation March through May 2025; and is expected to testify in February 2026. There was no lengthy gap in time between his release from his prior conviction to the date of his potential testimony. Further, although the United States recognizes that Jackson's prior felony conviction does not involve, on its face, a dishonest act or false statement (and if it did, it would be presumptively admissible under Rule 609(a)(2)), Rule 609(a) is premised on the idea that recent felony convictions are inherently relevant to credibility. Indeed, the Seventh

Circuit has observed that *any* prior felony conviction diminishes a witness's credibility:

> The rationale for . . . allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime. The rationale is underinclusive, since many people who have committed a felony have not been caught or if caught have not been convicted, because of the prosecution's heavy burden of proof. Moreover, every judge is aware that many people who do not have a criminal record will lie in a trial when it is to their advantage.

*Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627-28 (7th Cir. 2009). As prior convictions speak strongly to a defendant's incentive for truth-telling as well as his respect for the oath administered by this court, admission of prior convictions is appropriate to allow the jurors to fully evaluate a defendant's credibility. Here, Jackson had been released from his term of imprisonment on his prior state conviction less than two years before the alleged conduct charged in the present case and released (again) less than one year before any anticipated testimony. As such, the first and second factor this Court is to consider weigh in favor of the admission of those prior convictions as impeachment evidence under Rule 609 should he choose to testify at the upcoming trial in this cause.

The United States acknowledges that the third factor disfavors admission under Rule 609 due to the similarities in the offenses: Jackson's prior conviction was for possessing a firearm as a felon and his current case includes the same charge. The third factor this Court is to consider is intended to "avoid the possibility of the jury's inferring guilt on a ground not permissible under Rule 404(b)" when prior convictions are too similar to a defendant's current charges. *United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir. 1997). Still., the United States proposes that the defendant may be impeached with

5

his prior conviction, with specifics of that prior conviction limited and a limiting jury instruction presented to avoid impermissible propensity inferences.

The United States here proposes an instruction directing the jury to only consider Jackson's convictions in deciding the believability of his testimony and not to consider it as evidence of the charged crimes or for any other purpose. *See Montgomery*, 390 F.3d at 1016 (finding that limiting instruction mitigated prejudicial impact of prior drug convictions admitted for impeachment in felon-in-possession case). Such an instruction would mitigate any potential prejudice to Jackson that may result from admission under Rule 609 of his felony conviction, detailed above, while still providing the jury relevant information to appropriately weigh his credibility should he testify.

## CONCLUSION

For the reasons stated herein, the United States respectfully asks that this Honorable Court grant the present motion *in limine* and allow evidence of Defendant Cory D. Jackson's above-described felony conviction should he elect to testify at trial in the above-captioned cause.

Respectfully submitted,

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY

*s/ Rachel E. Ritzer*
Rachel E. Ritzer
Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: (217) 373-5875

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Rachel E. Ritzer*
Rachel E. Ritzer
Assistant United States Attorney
